## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

|  |  |
|---|---|
| CARL SIMON, | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| RICK MULLGRAV, DWAYNE BENJAMIN, | ) |
| LINDA CALLWOOD, RUSSEL WASHBURN, | ) |
| JULIUS WILSON, DONALD REDWOOD, | ) |
| JOHN P. DEJONGH, JR., KENNETH E. | ) |
| MAPP, VINCENT FRAZIER, CORRECTIONS | ) |
| CORPORATION OF AMERICA, | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| NATASHA METCALF, DENNIS HOWARD, | ) |
| and OTHERS UNKNOWN, | ) |
|  | ) |
| Defendants. | ) |

Civil Action No. 2017-0007

**Appearances:**
**Carl Simon,** *Pro Se*

**Kevin A. Rames, Esq.,**
St. Croix, U.S.V.I.
 *For Defendants Russell Washburn, Natasha Metcalf,*
 *Dennis Howard, and Corrections Corporation of America*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

  THIS MATTER comes before the Court on Plaintiff's "Motion for Remand" (Dkt. Nos. 13, 14) and Defendants Corrections Corporation of America ("CoreCivic), Russel Washburn, and Natasha Metcalf's (collectively, "Defendants") Opposition thereto (Dkt. No. 16). For the reasons that follow, the Court finds that it has federal question and supplemental jurisdiction over this matter and will therefore deny Plaintiff's Motion for Remand.

## I.    BACKGROUND

After Plaintiff filed his *pro se* Complaint in the Superior Court of the Virgin Islands, Defendants removed this action to the District Court of the Virgin Islands. (Dkt. No. 1, 1-1). Plaintiff seeks to remand this matter to the Superior Court, alleging that Defendants failed to timely seek removal within thirty days in accordance with 28 U.S.C. § 1446(b)(1), and did not promptly notify him of the removal in accordance with 28 U.S.C. § 1446(d). (Dkt. No. 14 at 3-6). Plaintiff further argues that Defendants have not met their burden of showing that the Court has jurisdiction over this action. *Id*. at 6-9. Therefore, Plaintiff requests that the Court remand the entire action to the Superior Court. Alternatively, should the Court find that it has jurisdiction over some of the claims pursuant to 28 U.S.C. § 1331, Plaintiff requests that the Court remand the claims over which the Court does not have jurisdiction. *Id*. at 9-12.

Defendants oppose Plaintiff's Motion to Remand, claiming that the removal was timely; they complied with 28 U.S.C. § 1446 in good faith; and this Court has subject matter jurisdiction over the federal question claims and has supplemental jurisdiction over Plaintiff's local claims. (Dkt. No. 16 at. 5-9). Lastly, Defendants argue that the claims should not be severed. *Id*. at 9-12.

## II.    DISCUSSION

As discussed below, the Court finds that Plaintiff's Motion for Remand should be denied.

First, the Court finds that removal was timely. Pursuant to 28 U.S.C. § 1446(b)(1), the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of the summons." "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C.

§ 1446(b)(2)(C). Defendant CoreCivic was served on January 13, 2017 and Defendants Metcalf and Washburn were served on January 17, 2017. (Dkt. No. 16 Ex. 1-3). Therefore, Defendants Metcalf and Washburn had up to and including February 16, 2017—thirty days from January 17, 2017—to file a notice of removal, to which CoreCivic could consent. 28 U.S.C. §§ 1446(b)(1) and (2)(C). Defendants filed their Notice of Removal on February 13, 2017. (Dkt. No. 1).[1] Accordingly, the Court finds that the removal was timely.

Second, the Court finds that Defendants complied with 28 U.S.C. § 1446(d), which provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties . . . ." A "good faith effort" to provide the plaintiff with written notice—as opposed to actual receipt of notice—is sufficient as long as the plaintiff does not suffer prejudice. *Khan v. Bank of Am. Home Loan Servicing L.P.*, 2012 WL 1495592, *2 (D.N.J. Apr. 27, 2012); *see also Ben-Haim v. Edri*, 2015 WL 12839771, *3 (D.N.J. Aug. 27, 2015). However, a court may remand an action to state court when there has been "undue delay" in providing notice of removal to any adverse party. *Doherty v. Goslin*, 2002 WL 32224695, *1 (E.D. Pa. July 26, 2002).

Here, Defendants have shown through certified mail records that they made a good faith effort to promptly give Plaintiff written notice of the removal. (Dkt. No. 16 Ex. 4-6). Defendants originally sent written notice to Plaintiff at the Bureau of Correction's ("BOC") Alexander A. Farrelly Criminal Complex ("Farrelly Criminal Complex") on St. Thomas, Virgin Islands, which

---

[1] The Court also notes that thirty days from January 13, 2017—the date Defendant CoreCivic was served—was Sunday, February 12, 2020. When computing time under the Federal Rules of Civil Procedure, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Thus, Defendants' Notice of Removal would have been timely even if they had all been served on January 13, 2017.

3

was received there on February 16, 2017—three days after the Notice of Removal was filed in District Court. *Id*. Ex. 4. Defendants discovered that Plaintiff was not located at the Farrelly Criminal Complex on or around February 15, 2017. *Id*. Ex. 5. Thereafter, Defendants had to locate Plaintiff and send the written notice to him. *Id*. Ex. 6. The record reveals that Plaintiff received the Notice of Remand on March 18, 2017 at the Citrus County Detention Facility in Lecanto, Florida. *Id*. Ex. 6. Further, Plaintiff filed a letter with the Court on March 21, 2017, wherein he acknowledged that the action had been removed to the District Court. (Dkt. No. 5). He filed his Motion to Remand on April 21, 2017. (Dkt. No. 13).

In view of the foregoing, the Court finds that Defendants made a good faith effort to promptly give Plaintiff written notice of removal, and that any delay was caused by Plaintiff's transfer from the Farrelly Criminal Complex in the Virgin Islands to the Citrus County Detention Facility in Florida. The Court further finds that Plaintiff did not suffer prejudice from any delay in receiving the notice because he ultimately filed a Motion for Remand which was accepted and is being considered by the Court. Accordingly, the Court concludes that Defendants complied with the prompt written notice requirement in 28 U.S.C. § 1446(d).

Finally, the Court finds that this action is properly before the Court under federal question and supplemental jurisdiction. In considering whether removal jurisdiction under Section 1441 exists based on original "federal question" jurisdiction, courts must determine if "a claim aris[es] under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(c). In making this determination, courts apply the rule of the "well-pleaded complaint," under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

4

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-92 (1988). A removed case must be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

All but one of Plaintiff's claims—Counts I through IX—arise under federal law. (Dkt. No. 1-1). Count I alleges "common law torts and constitutional torts under the Federal Civil Rights [Act]" and the Fourteenth Amendment. *Id.* at 41-42. Count II alleges "common law torts and constitutional torts" in violation of "the Federal Civil Rights [Act] . . . ." *Id.* at 42-43. Count III alleges "constitutional torts" under the First and Fourteenth Amendments. *Id.* at 43-45. Count IV alleges violations of the Fourteenth Amendment and Civil Rights Act. *Id.* at 45. Count V alleges that "Defendants [are] liable in their individual and official capacit[ies] under the Civil Rights Acts, for the constitutional torts of deliberate indifference to Plaintiff's health and safety in violation of the [Eighth] amendment of the U.S. Constitution." *Id.* at 46-47. Count VI alleges that Defendants are liable "under the Civil Rights Act for constitutional torts . . . ." *Id.* at 46-47. Count VII alleges that Defendants are liable for violations of the Eighth Amendment "under the Civil Rights Act." *Id.* at 48-49. Count VIII alleges that Defendants are liable "for constitutional and common law torts under the Federal Civil Rights Act . . . ." *Id.* at 49. Count IX alleges a claim of deliberate indifference under the Eighth and Fourteenth Amendments. *Id.* at 50-52. Thus, Counts I through IX—all of which include constitutional claims—clearly invoke the Court's federal question jurisdiction.

Plaintiff's final claim—Count X—is the only claim that does not arise under federal law. *Id.* at 52-54. Instead, it is brought pursuant to the Virgin Islands Tort Claims Act ("VITCA"). *Id.* Count X—along with all aspects of the other counts that arise under local law—are properly before the Court in accordance with its supplemental jurisdiction.

Pursuant to 28 U.S.C. § 1367(a), when a district court has federal question or diversity jurisdiction, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Exxon Mobile v. Allapattah Servs.*, 545 U.S. 546, 559 (2005). In order for a court to exercise supplemental jurisdiction over state law claims, "[t]he state and federal claims must derive from a common nucleus of operative facts" and "the plaintiff's claims [must be] such that he would ordinarily be expected to try them all in one judicial proceeding." *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (citing *United Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Title 28 U.S.C. § 1367(c) specifies four scenarios in which a district court may decline to exercise supplemental jurisdiction over a claim under Section 1367(a):

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). None of these scenarios exist here.

First, the local claim and the aspects of the other claims that involve local law satisfy both the "nexus" (common nucleus of operative facts) requirement and the "one proceeding" requirement. *Lyon*, 45 F.3d at 760. The entirety of the action encompasses allegations resulting from Plaintiff's transfer from the Farrelly Criminal Complex to the Citrus County Detention Facility; the manner in which he was treated by BOC; and his conditions of confinement at Citrus County Detention Facility. "[T]he difficulty of avoiding duplicative recoveries is a factor tending to weigh against litigating related federal and state claims in different fora." *Borough of*

6

*West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995). If this Court were to sever the case, it would result in concurrent actions with overlapping parties, facts, and evidence and an increased likelihood of duplicative recoveries or conflicting rulings.

Further, the local claims do not present any of the scenarios that would give the Court reason to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c). Plaintiff's local claims involve negligence and breach of contract causes of action, which are not novel or complex issues of Territorial law. Nor do Plaintiff's local claims predominate over his federal law claims. The Court also does not find any other compelling reason for declining jurisdiction. Accordingly, the Court finds that it has federal question and supplemental jurisdiction over the entirety of Plaintiff's Complaint.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion for Remand.

An appropriate Order accompanies this Memorandum Opinion.

Date:   September 30, 2020

_____/s/_____
WILMA A. LEWIS
Chief Judge