DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| CARL SIMON,<br><br>        Plaintiff,<br>v.<br><br>RICK MULLGRAV, DWAYNE BENJAMIN,<br>LINDA CALLWOOD, RUSSELL WASHBURN,<br>JULIUS WILSON, DONALD REDWOOD,<br>JOHN P. DEJONGH, JR., KENNETH E.<br>MAPP, VINCENT FRAZIER, CORRECTIONS<br>CORPORATION OF AMERICA,<br>GOVERNMENT OF THE VIRGIN ISLANDS,<br>NATASHA METCALF, DAVID HOWARD,<br>and OTHERS UNKNOWN,<br><br>        Defendants. | Civil Action No. 2017-0007 |

**Appearances:**
**Carl Simon,** *Pro Se*

**Kevin A. Rames, Esq.,**
**Semaj I. Johnson, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants Russell Washburn, Natasha Metcalf,*
    *David Howard, and Corrections Corporation of America*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Carl Simon's ("Plaintiff") "Motion to Alter or Amend Order" (Dkt. No. 75) and his accompanying Memorandum of Law (Dkt. No. 77). Also before the Court is Plaintiff's "Request for Hearing on Motion to Alter or Amend." (Dkt. No. 76). For the reasons discussed below, the Court will deny both Plaintiff's Motion to Alter or Amend Order (Dkt. No. 75) and Plaintiff's Request for Hearing (Dkt. No. 76). However, the Court

will construe Plaintiff's Motion to Alter or Amend Order as a Motion for Reconsideration ("Motion") and will grant in part and deny in part that Motion.

## I. BACKGROUND

The Court detailed the facts of this case in its Memorandum Opinion entered on April 16, 2021. (Dkt. No. 67). In summary, after Plaintiff filed a 10-count *pro se* Complaint in the Superior Court of the Virgin Islands, Defendants Corrections Corporation of America, Russell Washburn, and Natasha Metcalf removed the action to this Court. (Dkt. No. 1). Magistrate Judge George Cannon, Jr., subsequently issued a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A (Dkt. No. 45) wherein he recommended that Counts 1, 3, 4, 5, 6, and 8 be dismissed for failure to state a claim; Count 2 be dismissed as frivolous; Count 7 be dismissed without prejudice because, in the Magistrate Judge's view, additional information was required in order to make a ruling; and Count 10 be dismissed as time-barred. *Id*. at 31-32. Plaintiff objected to the R&R (Dkt. No. 56) and requested a hearing to address his objections (Dkt. No. 57).

This Court adopted in part and rejected in part Judge Cannon's R&R as modified in its accompanying Memorandum Opinion. (Dkt. No. 66). In this regard, the Court: dismissed the breach of contract claims set forth in Counts 5 and 9 of the Complaint, and any other intended breach of contract claims, for lack of standing; dismissed Counts 1, 3 (in part), 5, 6 (in part), 7 (in part), 8, and 9 of the Complaint for failure to state a claim; dismissed Count 2 of the Complaint as frivolous; and dismissed Count 10 of the Complaint as time-barred. *Id*. The Court allowed Counts 3 (in part), 4, 6 (in part), and 7 (in part) of Plaintiff's Complaint to stand and also afforded Plaintiff the opportunity to file an Amended Complaint that addressed the deficiencies that the

Court found in Counts 1, 3 (in part), 5 (in part), 6 (in part), 7 (in part), 8, 9 (in part), and 10. *Id*. Lastly, the Court denied Plaintiff's "Motion for Hearing" (Dkt. No. 57) as unnecessary. *Id*.

Plaintiff then filed the instant Motion to Alter or Amend Order, wherein he requests that the Court alter or amend its April 16, 2021 Order. (Dkt. No. 75). Plaintiff also filed his "First Amended Complaint" ("Amended Complaint") (Dkt. No. 74), which the Court will address in a separate Memorandum Opinion and Order, but will take into consideration herein.

## II.   DISCUSSION

Plaintiff's Motion to Alter or Amend Order will be considered under Rule 59(e) of the Federal Rules of Civil Procedure, and will be construed as a Motion for Reconsideration under Rule 7.3 of the Local Rules of Civil Procedure.

### A.   Relief under Rule 59(e)

Fed. R. Civ. P. 59(e) allows an aggrieved party to file a motion to alter or amend a judgment "no later" than 28 days after entry of the judgment. A district court does not have the authority to alter or amend a judgment under Rule 59(e) after the 28-day time period expires. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (time for filing a Rule 59(e) motion is 28 days from the entry of judgment, with no possibility of an extension); *Moton v. Wetzel*, 833 F. App'x 927, 930 (3d Cir. 2020) (district court lacked authority to address untimely Rule 59(e) motion).

In this case, Plaintiff's Motion to Alter or Amend Order is untimely under Rule 59. This Court issued its Memorandum Opinion and Order on April 16, 2021. (Dkt. Nos. 66, 67). Plaintiff received copies of the April 16, 2021 Memorandum Opinion and Order prior to April 27, 2021. (Dkt. No. 70).[1] Twenty-eight days from April 16, 2021 was May 14, 2021. Plaintiff signed the

---

[1] The Court is unaware of the exact date on which Plaintiff received the April 16, 2021 Memorandum Opinion and Order. The Court received a receipt on April 27, 2021 indicating that Plaintiff had received the Court documents, but not reflecting the date of receipt. (Dkt. No. 70).

instant Motion on June 14, 2021 and it was filed on June 23, 2021. (Dkt. No. 75). Because Plaintiff's Motion was signed and filed more than 28 days after entry of the Court's April 16, 2021 Order, this Court has no authority to address the same under Rule 59.[2] Accordingly, the Court will deny Plaintiff's Motion to Alter or Amend Order.

B. **Relief Under Local Rule 7.3**

1. **Applicable Legal Principles**

Local Rule of Civil Procedure 7.3 permits a party to file a motion for reconsideration of any order or decision. Under that rule, a motion for reconsideration must be filed within 14 days of entry of the order or decision unless the time is extended for good cause shown. As discussed above, the instant Motion was not filed within 14 days of the Court's April 16, 2021 Order. However, the Court notes that in his Motion for Extension of Time to file his Amended Complaint, Plaintiff represented that the April 16, 2021 Memorandum Opinion contained "complex matters of law [ ] that Plaintiff [was] unable to fully comprehend due to his limited knowledge of the law." (Dkt. No. 71). *Pro se* litigants are "held to 'less stringent standards' than trained counsel." *Benckini v. Hawk*, 654 F. Supp. 2d 310, 316 n.1 (E.D. Pa. 2009) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, although Plaintiff did not file a Motion for Extension of Time to file the instant Motion, the Court will credit the representations made in his Motion for Extension of Time to file his Amended Complaint and exercise its discretion to excuse the untimeliness of the instant Motion.

---

[2] Even if counted from the April 27, 2021 date on which the Court received the receipt indicating that Plaintiff had received the Court's April 16, 2021 Memorandum Opinion and Order—which is clearly beyond both the date on which the Order was entered and the date on which it was received by Plaintiff—the twenty-eight day deadline would have expired on May 25, 2021.

The Third Circuit has recognized motions for reconsideration, stating that their purpose "'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Such motions have been used in various contexts, including in the context of reconsidering rulings made by courts in initial screenings under 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A. *See Resop v. Deallie*, No. CV 15-626-LPS, 2016 WL 922017, at *3 (D. Del. Mar. 10, 2016); *Mujaddid v. Wehling*, No. CIV.A. 12-7750 JBS, 2015 WL 5037709, at *3 (D.N.J. Aug. 25, 2015); *Credico v. Facebook, Inc.*, No. CIV.A. 14-881, 2014 WL 988470, at *2 (E.D. Pa. Mar. 12, 2014). In order to prevail on a motion for reconsideration, "a plaintiff must show '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Butler v. Pa. Bd. of Probation & Parole*, 613 Fed. App'x 119, 125 (3d Cir. 2015) (quoting *Max's Seafood Café*, 176 F.3d at 677); *see also* LRCi 7.3 (listing the same three grounds).[3]

Under the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3

---

[3] Because there is no indication that either of the first two factors are involved here, the Court's analysis will focus on the third factor.

(D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id*. (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

Reconsideration is an extraordinary remedy and "should be granted sparingly" in accordance with its "stringent" standard. *Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014), *aff'd sub nom. Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016) (citation omitted); *see Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). Motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene*, 2012 WL 4755061, at *2 (quoting *Bostic*, 312 F. Supp. 2d at 733); *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."). In addition, reconsideration is not a substitute for appeal and is not a proper avenue for repeated litigation of the merits of a case. *See Green v. Apker*, 153 Fed. App'x 77, 80 n.5 (3d Cir. 2005); *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.").

**2.     Analysis**

Plaintiff makes a variety of arguments in his Memorandum of Law, which spans 50 pages.[4] Based on the legal principles set forth above, the Court will construe Plaintiff's filing as a Motion for Reconsideration and will grant in part and deny in part the Motion.

**a.  Claims Reconsidered**

The Court will first address the portions of Plaintiff's Motion that it will grant in light of the relevant allegations in Plaintiff's Amended Complaint (Dkt. No. 74) and the Court's conclusion that those allegations are sufficient to pass the initial screening under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

First, the Court will grant Plaintiff's request to reconsider its April 16, 2021 Memorandum Opinion and Order given that the Court had access to, and only considered, the 2015 Contract between the Virgin Islands detention facility where Plaintiff was originally detained and the Florida detention facility to which he was transferred ("2015 Contract") in assessing the viability of his breach of contract claims. (Dkt. No. 77 at 13-16). While the 2015 Contract is at issue for some of the claims, Plaintiff alleges that there are other improprieties that took place prior to the effective date of the 2015 Contract that should be analyzed based on the provisions of a 2010 Contract between the Virgin Islands detention facility and the Florida detention facility ("2010 Contract"). (Dkt. No. 77 at 11, 13-15, 23-24, 27). Second, the Court will grant Plaintiff's request to reconsider its April 16, 2021 Memorandum Opinion and Order

---

[4] The Court draws Plaintiff's attention to LRCi 7.1(c)(4), which provides that "no document filed with the Court shall exceed 20 pages without leave of Court . . . ." Plaintiff did not obtain leave of Court to file his 50-page Memorandum of Law. While the Court will excuse Plaintiff's violation of this rule on this occasion, the Court will not look favorably upon future submissions that exceed the 20-page limit filed by Plaintiff without first seeking—and obtaining—permission from the Court.

to the extent that Virgin Islands administrative rules should be considered in determining whether Plaintiff had a right to a hearing prior to his transfer. *Id*. at 35 (citing *Morton v. Mapp*, No. ST-16-MC-056, 2018 WL 9800975, at *4 (V.I. Super. Ct. Apr. 4, 2018)).

With regard to consideration of the 2010 Contract, the Court notes that it dismissed Plaintiff's breach of contract claims without prejudice. (Dkt. Nos. 76, 77). Thus, with regard to Counts 1, 5, and 9, the Court afforded Plaintiff the opportunity to amend his complaint, which Plaintiff has done. (Dkt. No. 74). In his Amended Complaint, Plaintiff has specified time frames for Counts 1, 5, and 9 as follows: sometime prior to September 30, 2014 through December 15, 2015 for Count 1; September 30, 2014 through March 14, 2016 for Count 5; and September 30, 2014 through March 14, 2016 for Count 9. (Dkt. No. 74 at 11, 13, 30, 48). The effective date of the 2015 Contract is December 16, 2015. (Dkt. No. 3-3). Thus, the Court will reconsider any breach of contract claim that allegedly took place prior to December 16, 2015 in light of the 2010 Contract, but will do so in the context of the Court's consideration of Plaintiff's Amended Complaint.[5]

With regard to Plaintiff's allegation that he was not provided with a hearing prior to his transfer, the Court dismissed that portion of Count 3 with prejudice. (Dkt. Nos. 66, 67 at 13). Nonetheless, Plaintiff has filed an Amended Complaint wherein he re-alleges his claim that he was transferred without being provided with a hearing. (Dkt. No. 74 at 17). In light of the authority cited in Plaintiff's Motion regarding administrative rules pertaining to a hearing prior to a transfer, the Court will reconsider that portion of Count 3 in the context of Plaintiff's Amended Complaint.

---

[5] The Court notes that there are numerous portions of Plaintiff's Memorandum of Law in support of his Motion that explain amendments that he made to the Complaint, (*see, e.g.*, Dkt. No. 77 at 36, 45, 48). The Court will consider those explanations when addressing Plaintiff's Amended Complaint.

### b. Claims Not Reconsidered

The Court will otherwise deny Plaintiff's Motion because it finds that Plaintiff has failed to show that the Court committed a legal error that would warrant granting the remainder of Plaintiff's Motion. *In re Energy Future Holdings Corp.*, 904 F.3d at 313.

First, the Court's consideration of the existence of the 2010 Contract discussed above does not alter the Court's decision to dismiss Count 2 with prejudice. In Count 2, Plaintiff alleges that he was kidnapped and falsely imprisoned when he was transferred. (Dkt. No. 74 at 13-17). Even assuming—without deciding—that the 2010 Contract "did not adequately secure Plaintiff's rights"—as Plaintiff alleges, *id*. at 30—there is no clear error in the Court's conclusion that this would not rise to the level of false imprisonment or kidnapping. If a state actor is entitled to hold a prisoner following conviction of a crime—which is the case here, *see, e.g.*, 5 V.I.C. § 3671— liability for false imprisonment or kidnapping does not arise based on the prisoner's assertion that he was transferred to a detention facility where he was not afforded certain rights and privileges to which he claims he was entitled, as Plaintiff alleges here. (Dkt. No. 77 at 19-22). The inquiry ends, at least for purposes of these types of torts, with the finding that confinement was legally permitted. *See, e.g.*, *Illaraza v. Hovensa, LLC*, 73 F. Supp. 3d 588, 616 (D.V.I. 2014) (concluding that so long as the arrest—e.g., confinement—was legal, the court could not conclude that any role the defendant played in the arrest—e.g., confinement—constituted false imprisonment). Plaintiff concedes as much in his Motion by citing to *Byas v. Legislature of Virgin Islands*, 51 V.I. 532, 544-45 (D.V.I. Feb. 25, 2009) and its quotation to *Blankenhorn v. City of Orange*, 485 F.3d 463, 486 n.15 (9th Cir. 2007), which states that "false imprisonment is the nonconsensual, intentional confinement of a person, *without lawful privilege*, for an appreciable length of time, however short." (Dkt. No. 77 at 28) (emphasis added). Because the law recognizes the right to confine

Plaintiff, who has been convicted and sentenced to a term of imprisonment, there is no clear error in the Court's conclusion that there can be no tort of false imprisonment or kidnapping under the circumstances here. Therefore, the Court will not reconsider its April 16, 2021 Memorandum Opinion and Order, which dismisses Count 2 with prejudice.

Further, Plaintiff asserts that the Court was in error in denying his request for a hearing on his Objections to the R&R; in its decision to *sua sponte* dismiss his breach of contract claims for lack of standing; and in not conducting a *Banks* analysis. (Dkt. Nos. 76, 77 at 4-12). However, Plaintiff is not legally entitled to a hearing on his Objections to the R&R and he has cited no authority to suggest otherwise. The Court denied Plaintiff's request because it found that a hearing was not necessary. (Dkt. No. 67 at 30). There was no clear error in the Court's determination that the issues could be decided on the written record.

Moreover, contrary to Plaintiff's suggestion, he is not entitled to a hearing to show that he is a third party beneficiary to a contract and thus has standing to assert a breach of contract claim. (Dkt. No. 77 at 10-11). Instead, at the pleading stage, a plaintiff must set forth facts sufficient to establish his standing to invoke the court's jurisdiction. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) ("Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating [standing.]"). While Plaintiff cites to *Bryan v. Fawkes*, 61 V.I. 201, 222 (2014) for the proposition that standing is not a jurisdictional doctrine in Virgin Islands courts (Dkt. No. 77 at 6), standing is a jurisdictional doctrine in federal courts, *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). Indeed, federal courts have a "continuing obligation to assure that [they] have jurisdiction," and thus are required, if necessary, to raise the issue of standing *sua sponte*. *Wayne Land & Min. Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (citing *Seneca Res. Corp. v. Township of*

*Highland*, 863 F.3d 245, 252 (3d Cir. 2017) ("[Federal courts'] obligation to assure that we have jurisdiction requires that we raise [the issue] of standing . . . *sua sponte*.")). Thus, while the Court will consider the Amended Complaint in light of the 2010 Contract, the Court will not reconsider its conclusion that Plaintiff lacks standing to assert a breach of contract claim under the 2015 Contract.[6]

Plaintiff also asserts that the Court erred by failing to apply the *Banks* analysis to its consideration of his Virgin Islands claims. (Dkt. No. 77 at 13). However, Plaintiff's broad invocation of *Banks* does not identify the specific law that he claims should have been subject to a *Banks* analysis. A court is not required to conduct a *Banks* analysis simply because a claim arises under Virgin Islands law. *See, e.g.*, *Willie v. Amerada Hess Corp.*, 66 V.I. 23, 43-44 (Super. Ct. 2017) (explaining the circumstances under which courts applying Virgin Islands law must conduct a *Banks* analysis). Plaintiff's vague challenge does not amount to an identification of clear error warranting reconsideration.

Plaintiff further argues that the Court improperly screened the claims that he made pursuant to Virgin Islands law. (Dkt. No. 77 at 3-4). However, "[t]he plain language of [28 U.S.C. § 1915] referring to a 'civil action' includes any suit brought in federal court[,] even those which include supplemental state law claims, and permits federal courts to screen state law claims brought in the federal courts." *Gregg v. Pettit*, No. CIV A 07-1544, 2009 WL 57118, at *4 n.3 (W.D. Pa. Jan. 8, 2009); *see also Parry v. Westmoreland Cty.*, No. 10-1308, 2010 WL 5798101, at *2 (W.D. Pa. Nov. 9, 2010), *report and recommendation adopted*, No. CIV.A. 10-1308, 2011 WL 528743 (W.D. Pa. Feb. 8, 2011) ("[The] power of the federal courts to screen claims includes the ability to screen

---

[6] In other words, the Court will not reconsider its conclusions regarding the 2015 Contract in light of Plaintiff's unsubstantiated reassertion set forth in the instant Motion that he is a third party beneficiary to the 2015 Contract. (Dkt. No. 77 at 39).

State law claims made in federal court, in addition to federal law claims.") (citing *McGee v. Mayo*, 211 F. App'x 492, 494 (7th Cir. 2006) ("[The plaintiff's] state law claims are too frivolous to warrant further discussion, and we accordingly conclude that the district court correctly dismissed them at the screening stage for failing to state a claim upon which relief can be granted."). The Court found that it has supplemental jurisdiction over Plaintiff's state law claims when it addressed Plaintiff's Motion for Remand. (Dkt. No. 61 at 6-7). Accordingly, the Court properly screened all of Plaintiff's claims—whether brought under territorial or federal law.

In the majority of his Motion, Plaintiff re-hashes arguments that he already made in his Objections to the R&R, all of which the Court considered and addressed in its Order rejecting Judge Cannon's R&R in part and adopting it in part. For example, Plaintiff resurfaces his argument that the Court may not consider documents outside of the pleadings (Dkt. Nos. 56 at 14, 77 at 17); that the Court needs to take into consideration his assertion that the Contract under which he was transferred was "illegal" (Dkt. Nos. 56 at 16-17, 77 at 22); and that he intended to somehow "limit" Count 8 to the alleged lack of certain vocational programming at the prison to which he was transferred (Dkt. Nos. 56 at 38-43, 77 at 41). Plaintiff further reargues why he believes his Complaint adequately pleads kidnapping and false imprisonment (Dkt. No. 56 at 15, 77 at 41) and that the statutory requirements of the Virgin Islands Tort Claims Act encompass an affirmative defense rather than a jurisdictional bar (Dkt. Nos. 56 at 44-46, 77 at 48). Plaintiff also disagrees with the Court's conclusion that his original Complaint did not allege sufficient facts to establish that prison officials acted with deliberate indifference to his dental needs. (Dkt. No. 77 at 41-46).

Reconsideration motions are not to be used as vehicles for "rearguing matters already addressed by the court." *Greene*, 2012 WL 4755061, at *2; *Gutierrez*, 289 F. Supp. 2d at 561; *see also Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (concluding that the district court

appropriately denied a motion for reconsideration where the moving party advanced the same arguments that were in his complaint and motions); *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) ("[A] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly.") (internal quotation marks and citation omitted). Further, motions for reconsideration "are not to be used as a vehicle for registering disagreement with the court's initial decision . . . ." *Greene*, 2012 WL 4755061, at *2 (internal quotation marks and citation omitted); *see also Schiano v. MBNA Corp.*, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process."). Accordingly, repeating arguments and voicing disagreement with the Court are not avenues through which Plaintiff's cause for reconsideration is advanced.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's "Motion to Alter or Amend" (Dkt. No. 75) will be denied. However, the Court will construe the Motion as one for reconsideration, which the Court will grant in part and deny in part. Specifically, the Court will reconsider Plaintiff's breach of contract claims that allegedly took place prior to December 16, 2015—the effective date of the 2015 Contract and his claim that he was not provided with a hearing prior to his transfer. The Court will do so in the context of Plaintiff's Amended Complaint. The Court will otherwise deny Plaintiff's Motion. In addition, because the Court finds that it can resolve the issues based on the

pleadings, the Court finds that a hearing is not necessary, and will thus deny Plaintiff's request for a hearing. (Dkt. No. 76).

An appropriate Order accompanies this Memorandum Opinion.

Date: September 1, 2021

_____/s/_____
WILMA A. LEWIS
District Judge