DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CARL SIMON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 2017-0007 |
| RICK MULLGRAV, DWAYNE BENJAMIN, | ) |
| LINDA CALLWOOD, RUSSELL WASHBURN, | ) |
| JULIUS WILSON, DONALD REDWOOD, | ) |
| JOHN P. DEJONGH, JR., KENNETH E. | ) |
| MAPP, VINCENT FRAZIER, CORRECTIONS | ) |
| CORPORATION OF AMERICA, | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| NATASHA METCALF, DAVID HOWARD, | ) |
| and OTHERS UNKNOWN, | ) |
| | ) |
| Defendants. | ) |

**Appearances:**
**Carl Simon,** *Pro Se*

**Kevin A. Rames, Esq.,**
**Semaj I. Johnson, Esq.,**
St. Croix, U.S.V.I.
    For Defendants Russell Washburn, Natasha Metcalf,
    David Howard, and Corrections Corporation of America

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court for its review of the "First Amended Complaint" ("Amended Complaint") (Dkt. No. 74) filed in response to the Court's Order entered on April 16, 2021 (Dkt. No. 66) pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss with prejudice: any breach of contract claim based on the 2015 Contract between the Virgin Islands Bureau of Corrections and the Corrections Corporation of America ("CoreCivic") regarding the housing of Virgin Islands prisoners at the Citrus County

Detention Facility in Lecanto, Florida ("CCDF") ("2015 Contract"); Count 2—Kidnapping and False Imprisonment; the Eighth Amendment claims in Count 5—Inadequate Clothing for Weather; and the Eighth Amendment claims in Count 9—Deliberate Indifference to Dental Needs. The Court will allow the following claims to proceed: Count 1—Negligent Delegation of Authority; Count 3—Arbitrary, Capricious, and Retaliatory Transfer; Count 4—Discriminatory Application of Rules; the claims in Count 5—Inadequate Clothing for Weather—that do not arise under the Constitution; Count 6—Exorbitant and Unmonitored Attorney Calls; Count 7—Inadequate Cell Lighting; Count 8—Lack of Vocational Programs; the claims in Count 9—Deliberate Indifference to Dental Needs—that do not arise under the Constitution; Count 10—Virgin Islands Tort Claims Act; and any breach of contract claim based on the 2010 Contract between the Virgin Islands Bureau of Corrections and CoreCivic regarding the housing of Virgin Islands prisoners at CCDF ("2010 Contract").

## I.   BACKGROUND

After Plaintiff filed a 10-count *pro se* complaint in the Superior Court of the Virgin Islands, Defendants CoreCivic, Russell Washburn ("Washburn"), and Natasha Metcalf removed the action to this Court. (Dkt. No. 1). Magistrate Judge George Cannon, Jr., subsequently issued a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. (Dkt. No. 45). This Court adopted in part Judge Cannon's R&R, as modified in an accompanying Memorandum Opinion, and rejected it in part. (Dkt. No. 66). Specifically, the Court: dismissed the breach of contract claims set forth in Counts 5 and 9 of the Complaint, and any other intended breach of contract claims, for lack of standing; dismissed Counts 1, 3 (in part), 5, 6 (in part), 7 (in part), 8, and 9 of the Complaint for failure to state a claim; dismissed Count 2 of the Complaint as frivolous; and dismissed Count 10 of the Complaint as time-barred. *Id*. The

Court allowed Counts 3 (in part), 4, 6 (in part), and 7 (in part) of Plaintiff's Complaint to stand and also afforded Plaintiff the opportunity to file an Amended Complaint that addressed the deficiencies that the Court found in Counts 1, 3 (in part), 5 (in part), 6 (in part), 7 (in part), 8, 9 (in part), and 10. *Id*.

Plaintiff then filed his Amended Complaint, wherein he reasserts his prior 10 claims with amendments: Count 1—Negligent Delegation of Authority; Count 2—Kidnapping and False Imprisonment; Count 3—Arbitrary, Capricious, and Retaliatory Transfer; Count 4—Discriminatory Transfer; Count 5—Inadequate Clothing for Weather; Count 6—Exorbitant Telephone Rates and Unmonitored Telephone Calls; Count 7—Inadequate Cell Lighting; Count 8—Lack of Vocational Opportunities; Count 9—Deliberate Indifference to Dental Needs; and Count 10—Virgin Islands Tort Claims Act. (Dkt. No. 74).

Plaintiff also filed a "Motion to Alter or Amend," wherein he requested that the Court alter or amend its April 16, 2021 Order adopting in part and rejecting in part Judge Cannon's R&R. (Dkt. No. 75). In its September 1, 2021 Order, the Court denied Plaintiff's Motion to Alter or Amend. (Dkt. No. 84). However, the Court construed Plaintiff's Motion to Alter or Amend (Dkt. No. 75) as a Motion for Reconsideration, which the Court granted in part and denied in part. (Dkt. No. 84). Specifically, the Court concluded that it would reconsider Plaintiff's breach of contract claims that allegedly took place prior to the effective date of the 2015 Contract and Plaintiff's claim that he was not provided with a hearing prior to his transfer. *Id*. The Court stated that it would do so in the context of Plaintiff's Amended Complaint, which the Court is addressing herein. *Id*.

## II.     APPLICABLE LEGAL PRINCIPLES

The evaluation of motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 involves a two-step process. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a)." *Id*. (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *Schneller v. Abel Home Care, Inc.*, 389 Fed. App'x 90, 92 (3d Cir. 2010). Second, a court considers whether the complaint or any portions thereof are subject to dismissal as legally frivolous or for failure to state a claim upon which relief may be granted. *See Jackson v. Brown*, 460 Fed. App'x 77, 79 n.2 (3d Cir. 2012); *see also Spuck v. Fredric*, 415 F. App'x 358, 359 (3d Cir. 2011). Because Plaintiff has been deemed eligible to proceed *in forma pauperis* (Dkt. Nos. 41, 42), the Court next determines whether Plaintiff's Amended Complaint (Dkt. No. 74) is subject to dismissal.

Section 1915(e)(2)(B) provides as follows:

> [T]he court shall dismiss the case at any time if the court determines that the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Additionally, for prisoners—like Plaintiff—who seek relief from "a governmental entity or [its] officer or employee," 28 U.S.C. § 1915A provides a screening process to separate cognizable claims from those lacking merit. Like § 1915(e)(2), the screening process of § 1915A targets claims that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted; or . . . seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), an action is frivolous "when it lacks an arguable basis either in law or fact." *Jean-Pierre v. B.O.P.*, 301 F. App'x 124, 127 (3d Cir. 2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "The legal standard for dismissing a complaint

for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). The Third Circuit, through *Connelly v. Lane Const. Corp.*, follows the analysis established by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when dismissing under Rule 12(b)(6):

> Under the pleading regime established by *Twombly* and *Iqbal,* a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675, 129 S. Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S. Ct. 1937. *See also Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679, 129 S. Ct. 1937.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (footnote omitted).

## II.   DISCUSSION

**A.   Dismissed Claims**

### 1.   Breach of 2015 Contract; Kidnapping and False Imprisonment (Count 2)

In its September 1, 2021 Order, the Court denied Plaintiff's request to reconsider: (1) the conclusions reached regarding Plaintiff's lack of standing to bring breach of contract claims pursuant to the 2015 Contract; and (2) the dismissal with prejudice of Plaintiff's Kidnapping and False Imprisonment claims. (Dkt. No. 84). Accordingly, consistent with the Court's findings set forth in its September 1, 2021 Order, any alleged breach of contract claims that occurred after December 16, 2015—the effective date of the 2015 Contract (Dkt. No. 3-3)—and the Kidnapping

5

and False Imprisonment claims in Count 2 of the Amended Complaint will be dismissed with prejudice.

### 2. Eighth Amendment Claims for Inadequate Clothing for Weather (Count 5)

In Count 5 of the Amended Complaint, Plaintiff asserts, *inter alia*, that he suffered injuries because certain CoreCivic employees exhibited deliberate indifference in violation of the Eighth Amendment by failing to allow him to wear clothing that suited the cold weather in Florida and cold temperatures in the law library. (Dkt. No. 74 at 26-31). In order to state a claim for an Eighth Amendment violation, a plaintiff must allege facts sufficient to demonstrate: (1) an objectively serious deprivation of an identifiable human need; and (2) that a prison official acted with deliberate indifference in effecting the deprivation. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000). "[T]he deprivation alleged must be, objectively, sufficiently serious, resulting in the denial of 'the minimal civilized measure of life's necessities.'" *Wilson*, 501 U.S. at 297. Although the Eighth Amendment does not mandate comfortable prisons, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In a challenge to those conditions, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

The Court previously dismissed Count 5 for failure to state a claim, but afforded Plaintiff an opportunity to amend the allegations. (Dkt. No. 67 at 19-20). Plaintiff's amendments of Count 5 include the assertion that, if he found a location such as the outside recreational area or the law library to be too cold, he could opt to remain in his pod area, where he was allowed to wear a thermal shirt. (Dkt. No. 74 at 18). Accordingly, because Plaintiff was not *required* to spend

time in areas he deemed to be too cold, and instead could remain in his pod area where he had access to his thermal shirt, Plaintiff has failed to state a claim that prison officials have denied him the "minimal civilized measure of life's necessities." *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009) (concluding that the plaintiff's inadequate clothing for weather claim did not rise to the level of the objectively serious harm necessary to show an Eighth Amendment violation because he was not *forced* to be in the cold for long periods of time); *see also Smith v. United States*, 432 F. App'x 113, 116 (3d Cir. 2011) (finding no Constitutional violation where inmate alleged that he received inadequate cold-weather clothing but could choose to remain in his cell); *Skelton v. Bruce*, 409 F. App'x 199, 208 (10th Cir. 2010) (concluding that no Eighth Amendment violation due to alleged inadequate clothing for weather occurs when an inmate has the option to remain indoors); *Williams v. Lehigh Dep't of Corr.*, 79 F. Supp. 2d 514, 518 (E.D. Pa. 1999) ("While the court agrees that forcing prisoners to wear inadequate shoes or clothing outside in the winter could run afoul of the Eighth Amendment, [the prison's] policies state that the prisoners are permitted to [remain indoors] in inclement weather.").

In view of the foregoing, Plaintiff has failed to state a claim under the Eighth Amendment that any defendant has been deliberately indifferent in denying him an identifiable need related to suitable clothing for the weather. *Seiter*, 501 U.S. at 304. Thus, the Court will dismiss the Eighth Amendment claims in Count 5 with prejudice for failure to state a claim.

### 3. Eighth Amendment Claims for Deliberate Indifference to Dental Needs (Count 9)

The Court will also dismiss with prejudice the Eighth Amendment Constitutional claims in Count 9—Deliberate Indifference to Dental Needs.

To plead an Eighth Amendment violation with regard to medical care, an incarcerated person must allege "acts or omissions by prison officials that indicate deliberate indifference to

a serious medical need." *Williams v. Macut*, 677 Fed. App'x 40, 40 (3d Cir. 2017) (citing *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)); *see also West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978). Deliberate indifference occurs when the defendant knows of the need for medical care and intentionally refuses to provide it, exposing the inmate to "undue suffering or the threat of tangible residual injury." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotation marks omitted). However, mere disagreement with a prescribed treatment is not an actionable Constitutional violation. *Id*.

In Plaintiff's Amended Complaint, he alleges that a dentist that he saw when he was detained at CCDF limited his treatment to tooth extraction. (Dkt. No. 74 at 40). Plaintiff asserts that he refused to have his teeth extracted, and believes that the dentist at CCDF inappropriately opted for tooth extractions because they were less expensive and did not require highly specialized procedures. *Id*. at 43. However, the case law is clear that disagreement with prescribed treatment such as this does not rise to the level of deliberate indifference. *See, e.g.*, *Willis v. Washington*, 172 F.3d 54 (7th Cir. 1999) (no Eighth Amendment violation where prisoner alleged "he was told he either could live with the pain or have his teeth pulled" and argued "he should have been offered alternatives to extraction"); *Monmouth Cty. Corr.*, 834 F.2d at 346 n.33 (explaining that prison officials must address medical needs, but that an "inmate may be required to defer to the medical judgment of the attending physician as to *how*" to treat the medical issue) (emphasis in original); *James v. Penn. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (per curiam) (extraction of an abscessed tooth was not an Eighth Amendment violation even where the prison did not offer any other treatment); *Leachman v. Harris Cty., Texas*, 779 F. App'x 234, 238 (5th Cir. 2019), *as revised* (Oct. 2, 2019) (concluding that a prisoner fails to state a claim under the Eighth Amendment based on the jail's "extraction of his injured

teeth" rather than "more expensive restorative treatment.") (citing *McQueen v. Karr*, 54 F. App'x 406 (5th Cir. 2002)); *Mathews v. Raemisch*, 513 F. App'x 605, 607 (7th Cir. 2013) (extraction instead of a root canal does not amount to deliberate indifference to a serious medical need). Thus, Plaintiff has failed to state a Constitutional violation in Count 9.

In reaching this conclusion, the Court has considered Plaintiff's Memorandum of Law in support of his Motion to Alter or Amend (Dkt. No. 77), wherein he argues that the Court improperly utilized a summary judgment standard in concluding that Plaintiff failed to sufficiently plead deliberate indifference, *id*. at 45. Contrary to Plaintiff's assertion, the Court did not conclude that Plaintiff failed to *prove* deliberate indifference, *id*.; instead, the Court concluded that Plaintiff failed to sufficiently *plead* deliberate indifference. Indeed, "in order to state a cognizable claim under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Monmouth Cty. Corr.*, 834 F.2d at 331 n.8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)) (internal quotation marks and alterations omitted). As discussed above, the Court has found that Plaintiff has failed to do so. Accordingly, the Court will dismiss with prejudice the Eighth Amendment claims in Count 9 for failure to state a claim.

B.      **Allowed Claims**

While the Court will dismiss with prejudice Plaintiff's Constitutional claims in Counts 5 and 9, the Court will not dismiss the other claims set forth in Counts 5 and 9 of Plaintiff's Amended Complaint. In that regard, the Court has considered Plaintiff's allegations that CoreCivic, Washburn, and Virgin Islands Defendants failed to comply with their contractual and "tortious duties" to provide Plaintiff with adequate clothing by denying him suitable clothes for the outside weather in Florida and for the temperature in the law library. (Dkt. No. 74 at 30-

31). The Court has also considered Plaintiff's allegations that Virgin Islands Defendants failed to comply with their legal and contractual duties to provide CCDF with Plaintiff's medical records and ensure that Plaintiff received dental treatment consistent with that provided in the Virgin Islands. *Id*. at 103. Thus, while the Court will not allow any Constitutional claims to proceed under Count 5 and Count 9, the Court will allow any alleged tortious and breach of contract claims to proceed, as long as the alleged facts underlying the breach of contract claims occurred prior to December 16, 2015—the effective date of the 2015 Contract. (Dkt. No. 3-3).

The Court will also allow Plaintiff's remaining claims to proceed. Specifically, the Court will allow Count 1—Negligent Delegation of Authority; Count 3—Arbitrary, Capricious, and Retaliatory Transfer; Count 4—Discriminatory Application of Rules; Count 6—Exorbitant and Unmonitored Attorney Calls; Count 7—Inadequate Cell Lighting; Count 8—Lack of Vocational Programs; Count 10—Virgin Islands Tort Claims Act; and any alleged breach of contract claims that occurred prior to December 16, 2015 and thus falls under the purview of the 2010 Contract. In reaching this conclusion, the Court finds—for purposes of this screening stage of the proceeding, and "in light of the leniency afforded [to] *pro se* plaintiffs proceeding *in forma pauperis*," *Okorie v. Salem Cty. Corr. Facility*, No. CIV. 12-1230 JBS/AMD, 2012 WL 4611155, at *2 (D.N.J. Oct. 2, 2012)—that Plaintiff has sufficiently addressed any deficiencies the Court previously identified in those counts.

### III. CONCLUSION

In view of the foregoing, the Court will dismiss with prejudice: any alleged breach of contracts claim based on the 2015 Contract; Count 2—Kidnapping and False Imprisonment; the Eighth Amendment claims in Count 5—Inadequate Clothing for Weather; and the Eighth Amendment claims in Count 9—Deliberate Indifference to Dental Needs. The Court will allow

the following claims to proceed: Count 1—Negligent Delegation of Authority; Count 3—Arbitrary, Capricious, and Retaliatory Transfer; Count 4—Discriminatory Application of Rules; the claims in Count 5—Inadequate Clothing for Weather—that do not arise under the Constitution; Count 6—Exorbitant and Unmonitored Attorney Calls; Count 7—Inadequate Cell Lighting; Count 8—Lack of Vocational Programs; the claims in Count 9—Deliberate Indifference to Dental Needs—that do not arise under the Constitution; Count 10—Virgin Islands Tort Claims Act; and any alleged breach of contract claims based on the 2010 Contract.

        An appropriate Order accompanies this Memorandum Opinion.

Date:   September 1, 2021                                  _____/s/_____
                                                                                        WILMA A. LEWIS
                                                                                        District Judge